# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| VAUGHN HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:23-cv-00360 ) |
| METROPOLITAN GOVERNMENT FOR NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, et al., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Vaughn Harris, a state inmate in the custody of the Davidson County Sheriff's Office (DCSO) in Nashville, Tennessee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

The case is before the Court for ruling on Plaintiff's IFP application and initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's submission that he lacks sufficient financial resources to pay the full filing fee in advance, his application to proceed IFP in this matter (Doc. No. 2) is **GRANTED** and a $350 filing fee[1] is **ASSESSED**.

---

[1] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for the $350 civil filing fee. See 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

The Complaint in this case presents issues that substantially overlap with those presented in Plaintiff's previous four filings in this Court, each of which was dismissed prior to trial. To review, in Harris v. Davidson County Sheriff, et al., No. 3:15-cv-00356, the Court entered summary judgment against Plaintiff on claims including deliberate indifference to a serious need for dental care that began in November 2014, and the Sixth Circuit affirmed. (Id., Doc. Nos. 336, 355). In Harris v. Metropolitan Gov't of Nashville and Davidson Cnty., et al., No. 3:19-cv-00735, after Plaintiff twice failed to comply with orders to amend his sprawling complaint against 100

2

defendants for issues at the DCSO since 2014, the Court dismissed the case for failure to prosecute. (Id., Doc. Nos. 16, 21). In Harris v. City of Nashville, Tenn., et al., No. 3:22-cv-00221, after Plaintiff failed to comply with an order to file an amended complaint that did not "include photocopies of pages from previous filings or . . . assert unrelated claims against unrelated parties," the Court dismissed the case—which had claimed dental and other injuries inflicted from October 29, 2014 "into the future"—for failure to prosecute. (Id., Doc. Nos. 13, 19). And most recently, in Harris v. Metropolitan Gov't of Nashville and Davidson Cnty., et al., No. 3:23-cv-00302 (dismissed June 27, 2023), after ordering Plaintiff to amend an original complaint that misjoined a variety of claims against more than 60 defendants and "utilize[d] pages from Plaintiff's earlier lawsuits," the Court dismissed his amended complaint on res judicata and other grounds, for failure to state a claim upon which relief could be granted. (Id., Doc. Nos. 4, 7).

Turning to the instant Complaint, the Court reviews for whether it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). Because Plaintiff is representing himself, the Court must hold the Complaint "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted).

**A. Summary of the Complaint**

Plaintiff's asserts rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments and alleges denial of "timely repair requested dentle (sic) and medical care procedures," denial of adequate research time and use of a law library tablet, and other discriminatory treatment related to his mental health status and his placement in restrictive housing. (Doc. No. 1 at 6–7). Plaintiff again names more than 60 defendants (id. at 3) and seeks to recover for violations of his rights "from 10-29-2014 to today." (Id. at 8). The Complaint

particularly focuses on the allegedly inadequate dental care provided over the years by four Defendants (Dr. Lewis, Dr. Africa, Dr. "B," and Jenny Jaynes) who have been named in his previous lawsuits[2] (see id. at 7–12) and seeks a Court order directing Defendants to send him to an outside specialist for "restorative dent[al] treatment." (Id. at 10, 17). The Complaint also claims, among other things, deprivations of adequate time and materials (including, especially, tablet computers) to conduct legal research, deprivations of adequate and timely pain and blood pressure medications, and other "abuses"—without providing specifics as to the nature, extent, or timing of these deprivations and abuses. As relief, Plaintiff requests 14 injunctive orders related to the harms he has allegedly suffered, and punitive damages. (Id. at 17–19).

**B. Analysis**

To pass initial review, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hill v. Lappin, 630 F.3d 468, 471 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A complaint necessarily "fail[s] to state a claim upon which relief can be granted" if it is "legally frivolous." Id. (citing Neitzke v. Williams, 490 U.S. 319, 328–29 (1989)). Legally frivolous complaints include those that are "duplicative of [an] earlier action." Peoples v. Reno, No. 00-1086, 2000 WL 1477502, at *1 (6th Cir. Sept. 26, 2000) (collecting cases); see also Cummings v. Mason, No. 1:11-cv-649, 2011 WL 2745937, at *1 (W.D. Mich. July 13, 2011) (collecting cases) ("[A]n in forma pauperis complaint that merely repeats pending or previously litigated claims may be dismissed under 28 U.S.C. § 1915(e)(2)(i) as frivolous or malicious."). And "[a] complaint is duplicative . . . if the claims, parties and available relief do not significantly differ from an earlier-filed action." Cummings, 2011 WL 2745937, at *2 (citing Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993)).

---

[2] See Case No. 3:23-302, Doc. No. 1 at 9, Doc. No. 6-1 at 23; Case No. 3:22-cv-00221, Doc. No. 1 at 1, 5, 10, 12; Case No. 3:19-cv-00735, Doc. No. 1-1 at 14–15.

This case is duplicative of Harris v. Metropolitan Gov't of Nashville and Davidson Cnty., et al., No. 3:23-cv-00302. That case was already pending when the instant case was filed. Compare id., Doc. No. 1 (filed Apr. 4, 2023) with No. 3:23-cv-00360, Doc. No. 1 (filed Apr. 18, 2023). The first five and last three pages of the instant Complaint are photocopies of the first five and last three pages of the Complaint in 3:23-cv-00302. Other pages of the instant Complaint (pages 6–8, 13, and 15) are also photocopies of pages of the complaint or amended complaint in 3:23-cv-00302. All told, 13 of the 19 pages of the instant Complaint are replicated from Plaintiff's filings in 3:23-cv-00302. Moreover, the remaining pages of the instant Complaint are photocopies of pages from either the complaint in 3:22-cv-00221 (page 9 of the instant Complaint) or the complaint in 3:19-cv-00735 (pages 10–12, 14, and 16 of the instant Complaint), in which the same or similar allegations and claims for dental injuries and other deprivations were presented.

The photocopied and re-filed pages of the instant Complaint are not entirely identical to Plaintiff's previous filings—they have been modified and supplemented in minor ways. But cases do not need to be identical to be duplicative; rather, the cases "must have such an identity that a determination in one action leaves little or nothing to be determined in the other." Smith v. S.E.C., 129 F.3d 356, 361 (6th Cir. 1997) (citations omitted). The Complaint before the Court is an amalgam of Plaintiff's pleadings in previous cases and is most redolent of the recently dismissed pleadings in 3:23-cv-00302. The overlap in claims, parties, and requested relief reveals such an identity between this case and Plaintiff's earlier-dismissed cases—particularly 3:23-cv-00302—as to leave nothing to be determined here. Accordingly, this case will be dismissed as frivolous.

### III. CONCLUSION

For the reasons given above, this case is **DISMISSED WITHOUT PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)(2), because it is duplicative of Case No. 3:23-cv-00302. The

5

Case 3:23-cv-00360    Document 4    Filed 07/18/23    Page 5 of 6 PageID #: 39

Court **CERTIFIES** that any appeal from this Order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this matter. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE